Filed 2/17/21  P. v. Tracchia CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GLENN MATTHEW TRACCHIA, JR.,<br><br>    Defendant and Appellant. | B300730<br><br>(Los Angeles County Super. Ct. No. KA033116) |

APPEAL from an order of the Superior Court of Los Angeles County, Steven D. Blades, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Glenn Matthew Tracchia, Jr. (defendant) appeals from the summary denial of his petition for resentencing pursuant to Penal Code section 1170.95,[1] based upon the trial court's finding that the statute was unconstitutional. Respondent agrees and joins defendant in requesting reversal. We reverse the trial court's order and remand with instructions.

## BACKGROUND

**Defendant's murder conviction**

In 1997, a jury convicted defendant and codefendant Steve Mejico (Mejico) of one count of second degree murder (§ 187, subd (a)), and found true the allegation under section 12022, subdivision (a)(1) that a principal was armed with a firearm.[2] The jury also found true the allegation under section 186.22, subdivision (b)(1) and (4) that the murder was committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote and assist in criminal conduct by gang members. A third participant in the crime, David Valdez (Valdez), pled guilty to second degree murder. Defendant and his codefendant were sentenced to terms of 16 years to life in prison, and we affirmed the judgments.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] At respondent's request, we have taken judicial notice of the opinion affirming defendant's 1997 conviction, and summarize the background facts from that opinion. (See *People v. Tracchia* (Oct. 19, 1998, B117379 [nonpub. opn.].)

2

The evidence at trial was that the victim, Robert Imperial, and two others were visiting Valdez at his home, when Valdez learned that Imperial belonged to a different gang. Valdez then called over three of his fellow gang members, including defendant and Mejico. After a lengthy conversation Valdez went inside, retrieved a jacket, and said they were going to go buy more beer and marijuana. Imperial, defendant, Mejico and Valdez then left together in a car, later identified as belonging to defendant's grandmother.

A witness saw two men push Imperial against a fence, and heard them speaking loudly and angrily. One of the men tried to hit Imperial, but Imperial blocked the punch and started to run. The witness hid and heard four or five gunshots. Imperial was later found dead from a gunshot wound in the back. Valdez admitted to Imperial's cousin that he killed Imperial because he "was talking smut about" Valdez's gang.

A search of Valdez's house turned up a revolver wrapped in clothing. The gun was determined to be the murder weapon. When Valdez pled guilty to second degree murder, he asserted under oath that he had remained in the car during the shooting and that it was defendant and Mejico who got out of the car with Imperial. After he heard gunfire, defendant and Mejico returned to the car and they all drove away. At trial the prosecutor argued to the jury that Valdez was the shooter.

**Section 1170.95 petition**

In January 2019, defendant filed a petition for resentencing under section 1170.95. On the form petition, defendant checked the boxes for the allegations that he had been charged with murder, that he was convicted pursuant to the second degree

3

felony-murder rule or the natural and probable consequences doctrine, and that he now could not be convicted of murder because of the changes made to sections 188 and 189, effective January 1, 2019. He also requested the appointment of counsel. Attached as exhibits to the petition were copies of the abstract of judgment and the CALJIC No. 3.02 instruction regarding the natural and probable consequences doctrine, taken from the record of defendant's conviction.[3]

The prosecution filed opposition to the petition, arguing that Senate Bill No. 1437 (S.B. 1437), which enacted section 1170.95 violated the California constitution in several respects. The trial court appointed counsel for defendant who filed a brief in opposition. The prosecution added a reply brief, and the trial court heard argument. The court agreed with the prosecution that S.B. 1437 unconstitutionally amended voter initiatives, Propositions 7 and 115, in violation article II, section 10, subdivision (c) of the California Constitution, and that S.B. 1437 violated article 1, section 28 of the California Constitution (known as "Marsy's Law"). Based solely on its finding S.B. 1437 unconstitutional, the court denied defendant's petition on August 9, 2019.

---

[3] A person is entitled to vacatur and resentencing under section 1170.95 if, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of first or second degree murder following a trial," and (3) he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Defendant filed a timely notice of appeal from the order.

## DISCUSSION

Defendant and respondent agree that the trial court erred in finding S.B. 1437 unconstitutional. We agree that the trial court erred in declaring section 1170.95 unconstitutional. (See *People v. Lopez* (2020) 51 Cal.App.5th 589, 594, 600-602 [section 1170.95 does not impermissibly amend Propositions 7 or 115]; *People v. Johns* (2020) 50 Cal.App.5th 46, 66-69 [section 1170.95 does not violate Marsy's Law or the separation of powers].) We thus reverse the trial court's order and remand so the court can consider defendant's section 1170.95 petition on its merits.

## DISPOSITION

The order is reversed and the matter remanded for consideration of defendant's petition under the terms of section 1170.95.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST



_____, J.
HOFFSTADT


5